UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ALBERT GONZALEZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 23-079-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN DAVID PAUL, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate/Petitioner Albert Gonzalez is incarcerated at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Gonzalez has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he claims that the Federal Bureau of Prisons (BOP) is improperly calculating his release date. [Record No. 1] The matter is pending for initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court will deny Gonzalez's petition without prejudice because it is plainly apparent from the face of his submission that he has not yet fully exhausted his administrative remedies, as required. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006).

There is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally via a so-called BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to

-1-

respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18.

Here, it is apparent that Gonzalez has not yet fully exhausted his administrative remedies. He affirmatively admits that he did not file a grievance regarding the matter in question with the BOP. [*See* Record No. 1 at 2.] And while Gonzalez claims that completing the exhaustion process "would be futile and result in a further loss of liberty" [*Id.*], he neither explains why this would be the case nor identifies any legal authority that allows him to bypass the administrative grievance process and immediately proceed with his § 2241 petition.

Where a petitioner's failure to exhaust his administrative remedies is apparent from the face of the pleading itself, *sua sponte* dismissal is appropriate. *See Kenney v. Ormond*, No. 17-5889 (6th Cir. May 7, 2018) (affirming this Court's decision denying a § 2241 petition for failure to exhaust). Accordingly, it is hereby

**ORDERED** as follows:

1. Gonzalez's petition for a writ of habeas corpus [Record No. 1] is **DENIED** without prejudice. Gonzalez may file a new habeas petition regarding the matter raised once he has fully exhausted his administrative remedies.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: March 14, 2023.



Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky