UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| ALBERT GONZALEZ, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5: 23-079-DCR |
| ) | |
| v. ) | |
| ) | |
| WARDEN DAVID PAUL, ) | **MEMORANDUM ORDER** |
| ) | |
| Respondent. ) | |

*** *** *** ***

Inmate/Petitioner Albert Gonzalez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he claimed that the Federal Bureau of Prisons ("BOP") is improperly calculating his release date. [Record No. 1] The petition was denied after its initial screening pursuant to 28 U.S.C. § 2243 because it was apparent from the face of Gonzalez's submission that he had not yet fully exhausted his administrative remedies. [Record No. 4] A corresponding Judgment was then entered. [Record No. 5]

Gonzalez has now filed a motion asking this Court to reconsider its previous decision. [Record No. 8] While Gonzalez cites Rule 59(e) of the Federal Rules of Civil Procedure, he has not demonstrated a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice, as required for the Court to alter or amend its prior judgment pursuant to that rule. *See Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018).

Gonzalez argues that this Court prematurely denied his petition and it would be futile for him to exhaust his administrative remedies. [*See* Record No. 8 at 1-6.] His arguments,

however, are difficult to follow. Gonzalez suggests that his prison unit team, the Warden, and the BOP's Mid-Atlantic Regional Office all agree with the substance of his claims, but he also admits he has not yet formally raised his claims with these individuals and entities *via* the administrative exhaustion process. [*See id.* at 3-4.] In short, Gonzalez's has not shown in any clear way that the Court's earlier analysis was erroneous.

Exhaustion of administrative remedies serves two main purposes: (1) it "protects administrative agency authority" by giving the agency the chance to review and revise its actions before litigation is commenced, which preserves judicial resources and administrative autonomy; and (2) it promotes efficiency since "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citation and quotation marks omitted); *see also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies." (citation and quotation marks omitted)). The purposes of administrative exhaustion would be furthered here by completion of the grievance process.

Finally, Gonzalez emphasizes that exhaustion of administrative remedies is an affirmative defense that a prisoner is not required to specially plead or demonstrate. [Record No. 8 at 2] While that is true, *see Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013), the United States Court of Appeals for the Sixth Circuit has specifically indicated that, "when it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may *sua sponte* dismiss the petition without prejudice based on that affirmative defense." *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th

Cir. Sept. 20, 2017); *see also Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *2 (6th Cir. July 17, 2017) ("*Luedtke* forbids a court from dismissing a § 2241 petition at the screening stage for failing to plead exhaustion or to attach exhibits with proof of exhaustion, but it does not prohibit a court from sua sponte dismissing a § 2241 petition where lack of exhaustion is apparent from the face of the pleading.").

Since it was plainly evident from the face of Gonzalez's petition that he had not yet fully exhausted his administrative remedies, and he continues to admit that fact in his latest submission, his request for reconsideration is unavailing. Accordingly, it is hereby

**ORDERED** that Gonzalez's motion to reconsider [Record No. 8] is **DENIED**.

Dated: April 3, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky